Singh v. Barr

BIA
Cassin, IJ
A206 469 227

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty.

PRESENT:
 DENNIS JACOBS,
 ROSEMARY S. POOLER,
 DENNY CHIN,
  *Circuit Judges.*
_____

PARWINDER SINGH,
  *Petitioner,*

 v.                                         18-1968
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*
_____

FOR PETITIONER:        Visuvanathan Rudrakumaran, New
                       York, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant
                       Attorney General; Walter Bocchini,
                       Senior Litigation Counsel; Monica
                       M. Twombly, Trial Attorney, Office
                       of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Parwinder Singh, a native and citizen of India, seeks review of a June 4, 2018, decision of the BIA affirming an August 21, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Parwinder Singh*, No. A206 469 227 (B.I.A. June 4, 2018), *aff'g* No. A206 469 227 (Immig. Ct. N.Y. City Aug. 21, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that members of the Akali Dal Badal attacked him three times in India on account of his membership in a rival political party, the Shiromani Akali Dal Amritsar ("SADA").

The agency reasonably relied on inconsistent evidence regarding when Singh began his association with the SADA party, what harm his father suffered on account of politics, what happened during Singh's alleged attacks, and when Singh went to the hospital for treatment. *See* 8 U.S.C.

3

§ 1158(b)(1)(B)(iii). When provided an opportunity to explain these inconsistencies, Singh further undermined his credibility by changing his testimony so that it was internally inconsistent. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably relied further on Singh's failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably found that affidavits from two of Singh's acquaintances undermined Singh's credibility further because the affidavits were identical in every respect, including grammatical and typographical errors. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) (holding that we

4

"ha[ve] firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned'").

The IJ also reasonably declined to afford weight to the affidavit from Singh's parents because, in addition to inconsistencies with Singh's testimony about his medical treatment, the authors were interested parties who were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding BIA's decision not to credit letter from applicant's spouse); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). And, contrary to Singh's contention, the agency explicitly acknowledged statements from the doctors who purportedly treated him and did not err in finding those statements, which were prepared for the

hearing rather than contemporaneously with the treatment, insufficient to rehabilitate Singh's credibility. *See Y.C.*, 741 F.3d at 332.

Given the inconsistency and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6